IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALBERT MALLARD                         :

    v.                               :   Civil Action No. DKC 11-2997

                                     :

MV TRANSPORTATION, INC.                :

                                       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination action is a motion to dismiss filed by Defendant MV Transportation, Inc. (ECF No. 7). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be granted in part and denied in part.

**I.  Background**

According to the complaint, Plaintiff Albert Mallard interviewed for a job with Defendant MV Transportation, Inc., on October 23, 2009. During the interview, Plaintiff advised his prospective employer that he required regular dialysis treatment due to chronic kidney failure. The interviewer told Plaintiff that he would "have to see the company's doctors" to be eligible for employment. (ECF No. 2, at 2). Plaintiff "went for [a] physical exam the same day." (*Id*.).

During the exam, Plaintiff explained that he was unable to take a "routine urinalysis test" because of limitations caused by his disability. (*Id.* at 1). He nevertheless passed the physical and was told that, upon providing a letter from his personal physician "verifying [his] condition and giving [him] approval to work," his "paperwork would be released to [the] employer." (*Id.* at 2). Plaintiff subsequently provided a letter from his physician and "was issued a Medical Examiner's Certificate qualifying [him] for the work." (*Id.*). He "was hired by the Defendant[] on [October 28] as a Driver Trainee." (*Id.* at 1).

While at work on November 3, 2009, Plaintiff was told to report to the office of the safety manager. Once there, he was questioned regarding his failure to provide a urine sample during the physical examination. Plaintiff "again explained [his] disability and the impact it had on completing the exam in the usual manner." (*Id.* at 2). He was told that "he should have tried" and that "the company viewed the situation as a refusal on [his] part to complete the examination." (*Id.* at 1, 2). As a result, Plaintiff's employment was terminated. In response to numerous inquiries by Plaintiff regarding the reason for his termination, Defendant issued a letter, on November 9,

stating that Plaintiff "did not complete MV Transportation's pre-employment process." (ECF No. 13-2, at 13).[1]

After exhausting administrative remedies, Plaintiff commenced this action on or about February 24, 2011, by filing a *pro se* complaint in the Circuit Court for Prince George's County, Maryland.  Plaintiff alleges that he was "discharged because of his disability (kidney failure)," in violation of, *inter alia*, the Americans with Disabilities Act ("ADA").  (ECF No. 2, at 1).  Defendant removed to this court on October 20, 2011, asserting in the notice of removal that it "has not yet been formally served with a copy of the Complaint or Summons in this lawsuit." (ECF No. 1, at 2).

One week later, Defendant filed the pending motion to dismiss for insufficient service of process, pursuant to Fed.R.Civ.P. 12(b)(5), and for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6).  (ECF No. 7).  Plaintiff was advised by the clerk of his right to respond and that his

---

[1] Plaintiff attached a copy of his entire complaint to recent correspondence.  This version of the complaint included papers associated with his EEOC investigation that are not attached to the complaint initially provided by Defendant when the case was removed.  (ECF No. 13).  Because the pages of this submission are not numbered, references to page numbers are to those provided by the court's case management/electronic case filing system.  Defendant may not have complied with Local Rule 103.5(a), which requires the removing party to file "true and legible copies" of all documents filed in state court within thirty days after removal.  To the extent that Defendant has not complied with the local rule, it will be directed to do so.

3

failure to do so could result in dismissal of the case without further notice.   When Plaintiff failed to respond, Defendant filed a supplemental memorandum requesting summary dismissal of the complaint, with prejudice.   (ECF No. 10).[2]

## II.   Motion to Dismiss

### A.   Fed.R.Civ.P. 12(b)(5)

#### 1.   Standard of Review

Defendant initially moves to dismiss for insufficient service of process under Rule 12(b)(5).   When the defense challenges service, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of

_____

[2] On or about November 23, 2011, approximately two days after Defendant filed the supplemental memorandum, Plaintiff requested the reissuance of summonses (ECF No. 11) and summonses were reissued (ECF No. 12).   Two months later, the court received correspondence from Plaintiff reflecting that he had attempted to serve Defendant, but was getting "the run around." (ECF No. 13).   He attached to this letter a copy of a domestic return receipt showing that a document addressed to Defendant was accepted by an individual named Mary Mason on December 5. Plaintiff also attached a letter from Defendant's counsel, dated December 13, acknowledging counsel's receipt of a "courtesy copy" of the complaint and summons, but advising Plaintiff that he was "not authorized to accept service of process on behalf of MV Transportation, Inc." (ECF No. 13-1).   Plaintiff asked the court to authorize service by the United States Marshal.

the court." *Id.* (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). "When there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored." *Id.* (citing *Armco*, 733 F.2d at 1089).

    **2.  Analysis**

    Pursuant to Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]"  Rule 4(m) provides, in turn, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

    Here, there appears to be no dispute that Plaintiff has not yet formally served Defendant.  Although Defendant clearly has actual notice of the complaint, the record does not reflect that Plaintiff even attempted to effect service of process until after Defendant filed its motion to dismiss.  Well over 120 days have passed since the complaint was filed; thus, pursuant to Rule 4(m), the court must either dismiss the complaint without prejudice or direct that service be effected within a specified

period of time.  Because summonses have recently been reissued, Plaintiff has attempted to effect service, and Defendant does not claim to have suffered prejudice, the latter of these two options appears to be more appropriate.  *See Ngabo v. Le Pain Quotidien*, Civil Action No. DKC 11-0096, 2011 WL 978654, at *2 (D.Md. Mar. 17, 2011) ("Where there is no prejudice to the defendant and 'there exists a reasonable prospect that service may yet be obtained,' dismissal is inappropriate and courts have generally allowed the plaintiff another opportunity to effect service.") (quoting *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir. 1992)).[3]  As a practical matter, however, it would make little sense to grant Plaintiff an extension of time to serve a complaint that fails to state a claim.  Thus, the court will adjudicate Defendant's Rule 12(b)(6) motion in order to determine whether an extension of time or dismissal of the complaint is more appropriate in this case.

---

[3]  In a civil case, service of process by the United States Marshal is typically available only to plaintiffs proceeding *in forma pauperis*.  *See* Local Rule 103.2.b.  Plaintiff may elect to file a motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, and, if such relief is granted, the U.S. Marshal will be directed to serve the complaint upon Plaintiff's return to the clerk of completed service of process forms.

**B.    Fed.R.Civ.P. 12(b)(6)**

**1.    Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).    A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).    "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).    That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).    In evaluating the complaint, the court need not accept unsupported legal allegations. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).    Nor must it

7

**B.    Fed.R.Civ.P. 12(b)(6)**

**1.    Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).    A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).    "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).    That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).    In evaluating the complaint, the court need not accept unsupported legal allegations. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).    Nor must it

7

agree with legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

   **2.  Analysis**

   The ADA prohibits discrimination against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a *prima facie* case of wrongful termination under the ADA, Plaintiff must demonstrate that: (1) he was a member of a protected class, (2) he was discharged, (3) at the time of his discharge, he was performing his job at a level that met his employer's legitimate expectations, and (4)

8

his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *See Catrino v. Town of Ocean City*, Civil Action No. WMN-09-505, 2011 WL 3607876, at *4 (D.Md. Aug. 15, 2011) (citing *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir. 2001)).

In arguing that Plaintiff has failed to state a claim under the ADA, Defendant focuses exclusively on the question of whether Plaintiff is a member of a protected class. Specifically, Defendant argues that Plaintiff has not "allege[d] facts that would plausibly demonstrate that he is 'an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" (ECF No. 7-1, at 6 (quoting 42 U.S.C. § 12102(8)). An individual has a "disability," as that term is defined in the ADA, when he has, *inter alia*, "a physical or mental impairment that substantially limits one or more major life activities[.]" 42 U.S.C. § 12102(1)(A). A "major life activity . . . includes the operation of a major bodily function," such as "bladder . . . functions." 42 U.S.C. 12102(2)(B); *see also Heiko v. Colombo Savs. Bank, F.S.B.*, 434 F.3d 249, 251 (4th Cir. 2006) (finding that the plaintiff was disabled because elimination of bodily waste is a "major life activity").

In his complaint, Plaintiff asserts that he suffers from chronic kidney failure, necessitating regular dialysis treatment. He further alleges that this condition affects his bladder function – specifically, that he "has not been able to urinate for the past 20 years" (ECF No. 2, at 1) – which is expressly listed in § 12102(2)(B) as a "major life activity." Thus, Plaintiff has alleged that he has a physical impairment that substantially limits a major life activity, which constitutes a disability. Because Plaintiff has a disability, he is a member of the class protected by the ADA.[4] Insofar as he further alleges that his employment was terminated due to his physical inability to provide a urine specimen because of his disability, the court is satisfied that Plaintiff has made out a *prima facie* case of disability discrimination under the ADA.[5]

---

[4] In arguing otherwise, Defendant cites *Brewington v. Getrag Corp.*, Civ. No. 09-cv-0031, 2011 WL 4829399 (W.D.N.C. Oct. 12, 2011); *Lipscomb v. Techs., Servs. & Info., Inc.*, Civ. No. 09-3344, 2011 WL 691605 (D.Md. Feb. 18, 2011); and *Bailey v. Ares Group, Inc*, 803 F.Supp.2d 349 (D.Md. 2011). Each of those cases, however, applied the ADA as it existed prior to amendments that took effect on January 1, 2009. The amendments, which apply in this case, clarified that "the statutory definition of disability is to be construed 'in favor of broad coverage of individuals . . . to the maximum extent permitted' by the law." *Brewington*, 2011 WL 4829399, at *2 (citing *Feldman v. Law Enforcement Assocs. Corp.*, 779 F.Supp.2d 472 (E.D.N.C. 2011)). There is no question that Plaintiff qualifies as disabled, particularly under that expansive construction.

[5] Although the complaint itself does not specifically allege that Plaintiff's job performance was meeting his employer's

Accordingly, the complaint will not be dismissed and Plaintiff will be given an extension of time in which to effect service of process.

### C.   Service of Process

Given that Plaintiff is proceeding *pro se*, the court directs his attention to Federal Rule of Civil Procedure 4(h)(1)(A), which provides that "a domestic or foreign corporation . . . must be served . . . in a judicial district of the United States . . . in the manner prescribed by Rule 4(e)(1) for serving an individual[.]" Pursuant to Rule 4(e)(1), "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"

The Maryland Rules permit service on corporations, such as Defendant, in person, by mail, or, in some circumstances, through substituted service upon the State Department of Assessments and Taxation ("SDAT"). *See* Md. Rule 2-121(a), 2-124(d), 2-124(o). Generally, a corporation's "resident agent, president, secretary, or treasurer" is authorized to accept service. Md. Rule 2-124(d). If a corporate defendant "has no

---

expectations, the EEO paperwork attached to Plaintiff's complaint supports this conclusion. (ECF No. 13-2, at 28).

resident agent, or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id*. Service by mail is effectuated "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail," requesting "Restricted Delivery," *i.e.*, "show[ing] to whom, date, [and] address of delivery." Md. Rule 2-121(a)(3). Alternatively, a plaintiff may serve a corporation by leaving copies of the summons and complaint with the SDAT if "(i) the corporation has no resident agent; (ii) the resident agent is dead or no longer at the address for service of process maintained with the [SDAT]; or (iii) two good faith attempts on separate days to serve the resident agent have failed." Md. Rule 2-124(o).

Federal Rule of Civil Procedure 4(*l*) instructs that the person effecting service of the summons and complaint must notify the court, through an affidavit, that he or she has served the defendant. If the plaintiff does not use a private process server, and instead uses registered or certified mail to effect service, he must promptly file with the court the United States Post Office acknowledgement (green card) as proof of service. Plaintiff must also demonstrate that service was made

upon an appropriate person at an appropriate address. Maryland Rule 2-124(d)-(i) specifically sets forth the requirements for service upon a corporation or other business association. Federal Rule of Civil Procedure 4 does not directly provide for service by mail, but it does authorize, in subsections (e) and (h), service upon a corporation by any means allowed by the state where the district court is located or the state where service is to be effected. As noted previously, Maryland law provides for service by certified, restricted delivery mail. *See* Md. Rule 2-123. Under Maryland law, service is properly made upon a designated resident agent, or upon certain corporate officers or general partners. *Id*. Plaintiff must show the address at which Defendant was served, why he believes the address was a proper location to effect service, and any basis he has for believing that the person who signed for delivery was an appropriate individual to accept service under Rule 2-124. Plaintiff must also indicate whether process was served as required by Federal Rule of Civil Procedure 4(c) – that is, whether the summons and the complaint were served in the package referenced.

Accordingly, Plaintiff will be directed to serve the recently reissued summonses and file a return of service showing that service was properly effected within thirty days. Alternatively, he may within the same time period file a

13

properly supported motion for leave to proceed *in forma pauperis*, requesting service by the United States Marshal.  If, however, a return of service or motion for leave to proceed *in forma pauperis* is not filed within thirty days, the complaint will be dismissed without further notice.

## III. Conclusion

For the foregoing reasons, Defendant's motion will be granted in part and denied in part.  A separate order will follow.

<pre>
          _____/s/_____
          DEBORAH K. CHASANOW
          United States District Judge
</pre>